

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| STANLEY KOSYLA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ROBERT DVORAK, )<br>)<br>Defendant. ) | No. 04 C 6180<br><br>Judge Ronald A. Guzmán |

## MEMORANDUM OPINION AND ORDER

Stanley Kosyla has sued Robert Dvorak for his alleged violation of Kosyla's Fourth and Fourteenth Amendment rights and for maliciously prosecuting him. Dvorak has filed a Federal Rule of Civil Procedure ("Rule") 12(b)(6) motion to dismiss. For the reasons provided in this Memorandum Opinion and Order, the motion is granted in part and denied in part.

## The Legal Standard

On a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded factual allegations of the complaint, drawing all reasonable inferences in plaintiff's favor. *Forseth v. Vill. of Sussex*, 199 F.3d 363, 368 (7th Cir. 2000). The "[a]llegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers" and are "liberally construed." *Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations omitted). No claim will be dismissed unless "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

## Facts[1]

On September 22, 2001,[2] Dvorak, a Des Plaines police officer, came onto Kosyla's property to tow Kosyla's wife's car. (Pl.'s Resp. Mot. Dismiss ¶ 1.) When Kosyla asked Dvorak what he was doing, Dvorak told Kosyla to stay back and that the car was going to be towed. (*Id.* ¶ 2.) When Kosyla turned to go into his house to telephone the police station, Dvorak came up behind Kosyla with his police club in his hand. (*Id.* ¶ 3.) Kosyla told Dvorak that he had recently had heart bypass surgery, but Dvorak still knocked Kosyla to the ground and arrested him. (*Id.*) Thereafter, Kosyla was taken to the hospital because he complained of chest pains. (*Id.*)

On September 13, 2002, Kosyla was found guilty of battery and resisting arrest in the Circuit Court of Cook County. (Mot. Dismiss, Ex. A, 9/13/02 Order.)[3] On September 23, 2004, Kosyla filed this suit, claiming that Dvorak maliciously prosecuted him and violated his Fourth and Fourteenth Amendment rights. (Compl. ¶¶ 3, 5-6.)

---

[1] The facts are drawn both from Kosyla's complaint and his response to the motion to dismiss.

[2] It appears that plaintiff's civil rights claims are untimely. *See Williams v. Lampe*, 399 F.3d 867, 870 (7th Cir. 2005) (stating that statute of limitations for section 1983 claims filed in Illinois is two years). Because the statute of limitations is an affirmative defense, however, it is generally not an appropriate basis for a Rule 12(b)(6) dismissal. *See Foss v. Bear, Stearns & Co., Inc.*, 394 F.3d 540, 542 (7th Cir. 2005) ("Unless the complaint alleges facts that create an ironclad defense, a limitations argument must await factual development.").

[3] The court can take judicial notice of the state court order. *See Opoka v. I.N.S.*, 94 F.3d 392, 394 (7th Cir. 1996) (stating that "[d]eterminations to be judicially noticed include proceedings in other courts, both within and outside of the federal judicial system, if the proceedings have a direct relation to matters at issue") (alterations and citation omitted).

2

## Discussion

Kosyla claims that Dvorak's conduct violated 42 U.S.C. § ("section") 1985(3).[4] To state a claim under that statute, Kosyla must allege that:

> (1) two or more defendants conspired; (2) for the purpose of depriving . . . any person or class of persons of the equal protection of the laws or of equal privileges and immunities under the laws; (3) one or more of the conspirators acted in furtherance of the conspiracy; and (4) [that] act injured [Kosyla] or his property or deprived him of exercising any right or privilege of a citizen of the United States.

*Munson v. Friske*, 754 F.2d 683, 694 (7th Cir. 1985).

Kosyla has not alleged the first two elements. According to the complaint, Dvorak acted entirely alone. (Compl. ¶¶ 2, 4-6.) Thus, the first element, that two or more people conspired, is absent. The second element is also missing. Kosyla has not alleged that Dvorak's actions were motivated by any racial or other class-based animus. Thus, he has not alleged that the purpose of the conspiracy was to deprive Kosyla of equal protection. *See Majeske v. Fraternal Order of Police*, 94 F.3d 307, 311 (7th Cir. 1996) (stating that § 1985(3) claim requires proof of a "racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action") (citation omitted). Because Kosyla has not alleged all of the required elements, his section 1985(3) claim must be dismissed.

Kosyla's section 1983 malicious prosecution claim fails as well. Because there is an available state-law remedy, plaintiff cannot pursue a malicious prosecution claim under federal law. *Newsome v. McCabe*, 256 F.3d 747, 751 (7th Cir. 2001) (stating that the existence of a

---

[4]Kosyla cites only to 42 U.S.C. § 1985. It is clear however, that section 1985(1) and (2), which prohibit conspiracies to prevent federal officers from performing their duties and to obstruct justice, respectively, are inapplicable to this case. Thus, we address only section 1985(3).

state-law remedy for malicious prosecution, as there is in Illinois, "*knocks out* any constitutional tort of malicious prosecution") (emphasis in original).

Kosyla also does not have a viable state-law malicious prosecution claim. To state such a claim, Kosyla must allege, among other things, that the judicial proceedings brought against him were terminated in his favor. *Curtis v. Bembenek*, 48 F.3d 281, 286 (7th Cir. 1995). Kosyla has not made that allegation. Thus, his malicious prosecution claim must be dismissed.

The dismissal is without prejudice, however. Kosyla was found guilty of battery and resisting arrest on September 13, 2002. (*See* Mot. Dismiss, Ex. A, 9/13/02 Order.) That judgment was appealed, but the appellate court dismissed it for want of prosecution. (*See id.* Ex. B, 3/21/03 Order.) Kosyla had twenty-one days thereafter to file a petition for leave to appeal to the Illinois Supreme Court. *See* ILL. SUP. CT. R. 315(b). It is not clear whether he filed such a petition and, if so, what action resulted. Because it is possible that the criminal proceedings were resolved in Kosyla's favor on appeal, we will give him an opportunity to amend this claim.

The result is the same for Kosyla's section 1983 false arrest claim. A false arrest claim is premised on the lack of probable cause. *Kelley v. Myler*, 149 F.3d 641, 646 (7th Cir. 1998) ("An essential predicate to any § 1983 claim for unlawful arrest is the absence of probable cause.") Dvorak had probable cause to arrest Kosyla if "the facts and circumstances within [his] knowledge and of which [he had] reasonably trustworthy information [were] sufficient to warrant a prudent [person] in believing that [Kosyla] had committed or was committing an offense." *Id.* (alterations and citation omitted). One of the crimes for which Dvorak arrested Kosyla was battery. (Compl., Ex. A, 9/13/02 Order.) Kosyla committed battery if he "intentionally or knowingly without legal justification . . . (1) cause[d] bodily harm to an

4

individual or (2) [made] physical contact of an insulting or provoking nature with an individual." 720 ILL. COMP. STAT. 5/12-3(a).

Dvorak lacked probable cause to arrest Kosyla for battery only if Kosyla did not hit Dvorak at all or did so only in self-defense. Success on his false arrest claim, therefore, would necessarily undermine Kosyla's conviction for battery, which required proof that Kosyla hit Dvorak and did so "without legal justification." *Id.* Because Kosyla's false arrest claim would call his battery conviction into doubt, and Kosyla has not alleged that the conviction has been overturned, the claim must be dismissed. *Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994) ("We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus . . . .").

The only other section 1983 claim Kosyla may arguably be raising is that Dvorak used excessive force to make the arrest. To state such a claim, Kosyla must allege that Dvorak used "greater force than was reasonably necessary to make the arrest." *Lester v. City of Chi.,* 830 F.2d 706, 713 (7th Cir. 1987). Kosyla says that Dvorak struck him from behind with a police club although Dvorak knew that Kosyla had heart problems. (Pl.'s Resp. Mot. Dismiss ¶ 3.) Plaintiff's success on this claim would not necessarily undermine Kosyla's convictions. Thus, Kosyla has a viable section 1983 excessive force claim.

## Conclusion

For the reasons stated above, Dvorak's motion to dismiss is granted in part and denied in part. The motion is granted as to the section 1983 malicious prosecution claim, which is dismissed with prejudice, and the section 1985(3) equal protection claim, the section 1983 false arrest and the state-law malicious prosecution claims, which are dismissed without prejudice. The motion is denied with respect to the section 1983 excessive force claim. Plaintiff has fourteen days from the date of this Memorandum Opinion and order to amend his section 1985(3), section 1983 false arrest and state-law malicious prosecution claims in accordance with this Order, if he can do so and remain in compliance with Rule 11. If plaintiff does not amend those claims within that period, the dismissal will be with prejudice.

**SO ORDERED.**                    ENTERED: JUL -1 2005

_____
HON. RONALD A. GUZMAN
**United States District Judge**