IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STANLEY KOSYLA, | ) |
| Plaintiff, | ) Case No. 04 C 6180 |
| | ) Judge Virginia M. Kendall |
| v. | ) |
| ROBERT DVORAK, | ) |
| Defendant. | ) |

MEMORANDUM OPINION AND ORDER

Plaintiff Stanley Kosyla ("Plaintiff") has brought suit against Des Plaines police officer Robert Dvorak ("Defendant") for excessive use of force, pursuant to 42 U.S.C. § 1983. Defendant has moved to dismiss Plaintiff's amended complaint. Because the exact claim before the Court has already been filed and dismissed by another Court in this district, the Court dismisses Plaintiff's claim.

Standard

A complaint will not be dismissed for failure to state a claim unless it is "clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). In so examining, the Court must take all allegations in the complaint as true, and draw all reasonable inferences in the light most favorable to the plaintiff. *Pickrel v. City of Springfield,* 45 F.3d 1115, 1117 (7th Cir. 1995). To survive a motion to dismiss, a plaintiff "need not plead particular legal theories or particular facts in order to state a claim." *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000). The plaintiff need only give a short and plain statement of the nature of the claim so as to provide notice to the defendants. *Id*.

1

Facts

The following facts are taken from the Amended Complaint. On September 19, 2001, Defendant, a Des Plaines police officer, came onto Plaintiff's property to tow Plaintiff's wife's car. Amended Complaint at ¶¶ 1-6. Plaintiff asked Defendant what he was doing, and Defendant told him "it is none of your business." *Id.* at ¶ 7. When Plaintiff tried to explain to Defendant that the matter concerning the car was being settled in court, Defendant "came toward [Plaintiff] in a menacing manner." *Id.* at ¶ 8. Plaintiff told Defendant that he had recently finished heart bypass surgery, but when Plaintiff turned to go into his house to telephone the police station, Defendant approached Plaintiff from behind with a police club in his hand and struck him. *Id.* at ¶¶ 8-9. Defendant knocked Plaintiff to the ground and arrested him. *Id.* at ¶¶ 9. Thereafter, Plaintiff was taken to the hospital with chest pains. *Id.* at ¶ 10. Plaintiff contends that Defendant used excessive force to effect the arrest in violation of the Fourth Amendment.

Procedural History

Plaintiff filed his original complaint concerning the above-described incident before this Court[1] on September 22, 2004, alleging that Defendant violated Plaintiff's Fourth and Fourteenth Amendments, and maliciously prosecuted him. Defendant moved to dismiss the claims, which motion the Court granted in part and denied in part, with leave to replead a count of excessive force during the arrest.

Plaintiff filed an amended complaint on July 13, 2005, in accordance with the Court's instructions, claiming that Defendant used excess force during Plaintiff's arrest in violation of 42

---

[1] At that time, the case was assigned to a different judge in this district. On January 23, 2006, the case transferred to the present judge as part of the Executive Order creating the judge's initial calendar.

U.S.C. § 1983. Defendant moved again to dismiss the amended complaint on the grounds that the claim was time-barred.

On February 7, 2006, prior to a ruling by this Court on the motion to dismiss, Defendant moved for leave to file an additional argument supporting dismissal. Defendant alleges that he recently discovered that on August 23, 2004, one month prior to filing the claims before this Court, Plaintiff filed the same action before another court in this district. *See Kosyla v. Dvorak* (N.D. Ill. Case No. 04-5511). That court dismissed the case as time-barred on August 30, 2004, because a two-year statute of limitations applies to suits brought under § 1983 in Illinois. *Manley v. City of Chicago*, 236 F.3d 392, 395 (7th Cir. 2001) (cited by 04-5511 court). Defendant alleges that he did not have knowledge of the prior claim until recently, as Plaintiff did not serve him with the complaint in that matter.[2]

## Discussion

The doctrine of *res judicata* bars suits when there exists: (1) a final judgment on the merits in another, earlier action; (2) an identity of action between the suits; and (3) an identity of parties between the suits. *La Preferida, Inc. v. Cerveceria Modelo, S.A. de C.V.,* 914 F.2d 900, 907 (7th Cir.1990). When the prior action was brought in federal court, federal rules of *res judicata* apply. *Id.*, citing *Barnett v. Stern*, 909 F.2d 973, 977 (7th Cir. 1990).

Plaintiff's complaint before this Court is barred by the doctrine of *res judicata* in light of the other suit brought in and dismissed by this district, case number 04-5511. First, the earlier court delivered a final judgment on the merits of the action when that court dismissed the complaint as untimely filed. Second, the present complaint arises from the same facts as the earlier action,

---

[2]The Court independently verified Defendant's claim that he did not receive the complaint in the first action. The publicly available docket for 04-5511 shows that Plaintiff did not execute service on Defendant in that action.

namely, the interaction between Plaintiff and Defendant on September 19, 2001, on Plaintiff's property, whereby Plaintiff alleged he was wrongly arrested by Defendant and that Defendant used excessive force during the arrest. Finally, the parties are the same in both suits.

Because this complaint is barred by the doctrine of *res judicata*, the Court need not reach the issue of the statute of limitations in this case. The Court notes, however, that it agrees with the previous court that this action is time-barred. *See Small v. Chao*, 398 F.3d 894, 898 (7th Cir. 2005) (a court may dismiss a section 1983 claim on the basis of Rule 12(b)(6) if it is indisputably time-barred). As stated by the previous court, the statute of limitations in Illinois for Plaintiff's action is two years; upon the face of Plaintiff's complaint, the event in question occurred on September 19, 2001, and Plaintiff filed his action in this Court on September 22, 2004.

WHEREFORE, the claims of Plaintiff are dismissed with prejudice on the basis of *res judicata*.

So ordered.

_____
Virginia M. Kendall, United States District Judge
Northern District of Illinois

April 3, 2006